UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HAVILAH MALONE,  CIVIL ACTION
    Plaintiff

VERSUS  No. 12-1508

SCOTTSDALE INSURANCE  SECTION "E"
COMPANY,
    Defendant

## ORDER AND REASONS

Before the Court is the Motion to Remand filed by Plaintiff, Havilah Malone ("Plaintiff").[1] Plaintiff also requests attorney's fees and costs "associated with this removal."[2] Defendant, Scottsdale Insurance Company ("Defendant"), opposes the motion.[3] For the following reasons, Plaintiff's motion to remand is **GRANTED** and her request for attorney's fees and costs is **DENIED**.

### *Background*

As set forth in Plaintiff's petition, on September 13, 2011, the hot water heater located inside Plaintiff's home leaked. The leak caused substantial water damage to the interior of Plaintiff's home and Plaintiff's personal property. Defendant issued a home owner's insurance policy to Plaintiff. Plaintiff alleges that Defendant's policy covers the damage caused by the leaking hot water heater. Plaintiff notified Defendant of the loss on September 16, 2011, and one of Defendant's claims adjusters shortly thereafter inspected

---

[1] R. Doc. 6. Plaintiff also filed a reply memorandum. *See* R. Doc. 14.

[2] R. Doc. 6-1 at p. 1.

[3] R. Doc. 8.

1

the property. US Restoration, LLC, at Defendant's request and instruction, gutted the interior of Plaintiff's home on September 17, 2011. Plaintiff provided Defendant with an itemized list of damage and destroyed personal property on October 9, 2011. As of the date Plaintiff filed her petition, "no funds of any nature ha[d] been tendered to plaintiff by defendant to repair the structural damage or to replace the loss of personal property, and plaintiff's residence continues to sit in a gutted state."[4] As a result, Plaintiff initiated the above-captioned matter as *Havilah Malone v. Scottsdale Insurance Company*, No. 708-843, in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana, on November 29, 2011. Defendant was served with a copy of Plaintiff's petition on December 7, 2011.

First, Plaintiff's petition alleges that Defendant breached its contract of insurance with her, and that Defendant has failed to reimburse her for $40,131.99 in structural damage to her property, and $5,550 in damage to her personal property.[5] The Court notes that Defendant tendered $18,203.62 ($13,167.99 for structural damage and $6,035.63 for personal property damage) to Plaintiff for her claims on December 6, 2011, several days after Plaintiff filed her petition on November 29, 2011, but before Defendant was served on December 7, 2011.

Second, Plaintiff's petition alleges that Defendant's failure to timely compensate her after receiving adequate proof of loss evidences bad faith, and as such Plaintiff is entitled to penalties pursuant to La. Rev. Stat. §§ 22:1892 and 22:1973, and attorney's fees pursuant to La. Rev. Stat. § 22:1892. Finally, Plaintiff seeks expenses, costs, pre-judgment and post-

---

[4] R. Doc. 1-3 at p. 11.

[5] R. Doc. 1-3 at p. 12.

judgment interest, and all other legal and equitable relief to which she is entitled.

Defendant removed this matter to the U.S. District Court for the Eastern District of Louisiana on June 13, 2012. Defendant maintains that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 exclusive of costs and interests, and both parties are completely diverse.[6] Defendant further avers that removal of this matter is timely pursuant to 28 U.S.C. §§ 1441 and 1446 because, although it was served with a copy of Plaintiff's petition on December 7, 2011, Defendant first became aware that the amount in controversy exceeds $75,000 on June 1, 2012. As a result, because Defendant filed its notice of removal within thirty days thereafter, Defendant argues that removal is timely under 28 U.S.C. § 1446(b).

Plaintiff timely filed her motion to remand on July 11, 2012. Plaintiff does not contest that the amount in controversy exceeds $75,000 and that the parties are completely diverse. Rather, Plaintiff argues that the Court should remand this matter to state court because, contrary to Defendant's assertions, Defendant's removal was untimely. Plaintiff contends that, at the time she served Defendant with a copy of her petition, it was facially apparent that this matter was removable. Consequently, Plaintiff maintains that 28 U.S.C. § 1446(b) requires Defendant to have filed its notice of removal no more than thirty days after December 7, 2011. As Defendant did not file its notice of removal until June 13, 2012, Plaintiff contends that the Court must grant her motion to remand.

---

[6] Plaintiff is a citizen of Louisiana. Defendant is a company incorporated under the laws of Ohio with its principal place of business in Arizona.

***Law and Analysis***

**I. Removal and Remand**

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002) (citation omitted). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *Id.* (citations omitted). Any doubt as to whether removal jurisdiction is proper is resolved in favor of remand because removal statutes are strictly construed. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

If removal is untimely, a case must be remanded to state court. *Addo v. Globe Life and Accident Ins. Co.*, 230 F.3d 759, 760 (5th Cir. 2000). Title 28, United States Code, Section 1446 provides that a defendant's "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Section 1446(b)(3) further provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Consequently, a defendant may remove a case to federal court more than thirty days after receipt of service only if it could not be ascertained that the case was removable when the defendant was first served with a copy of the plaintiff's complaint.

Defendant's notice of removal was filed far more than thirty days after Defendant

4

was served on December 7, 2011. Defendant argues that, because Louisiana law instructs Plaintiff to refrain from setting forth a specific amount of monetary damages in her petition, it was not facially apparent from the factual allegations in Plaintiff's petition that her claims exceeded $75,000.[7] Defendant asserts that it was only after Plaintiff provided her answers to Defendant's First Set of Discovery Requests on June 1, 2012, that it became clear Plaintiff seeks to recover in excess of the federal jurisdictional requirement.

When a plaintiff alleges an indeterminate amount of damages, the U.S. Court of Appeals for the Fifth Circuit requires a removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999). A defendant may satisfy this burden either by: "(1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the *facts* in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.' " *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (quoting *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)) (emphasis in original). "Where the 'facially apparent' test is not met, it is appropriate for the Court to consider summary-judgment-

---

[7] La. Code Civ. Proc. art. 893A.(1) provides:

> No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required. By interrogatory, an opposing party may seek specification of the amount sought as damages, and the response may thereafter be supplemented as appropriate.

type evidence relevant to the amount in controversy as of the time of removal." *Davis v. State Farm Fire & Cas. Co.*, 2006 WL 1581272, at *2 (E.D. La. June 7, 2006) (Vance, J.) (citing *Allen*, 63 F.3d at 1336).

In addition, when it is facially apparent that the amount in controversy requirement is satisfied, the thirty day removal period set forth in 28 U.S.C. § 1446(b) begins to run. *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 210 (5th Cir. 2002) (stating that the thirty day time limit is triggered when the "pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court.") (footnote omitted). "[S]pecific damage estimates that are less than the minimum jurisdictional amount, when combined with other unspecified damage claims, can provide sufficient notice that an action is removable so as to trigger the time limit for filing a notice of removal." *Bosky*, 288 F.3d at 210 (footnote omitted). In this case, the only issue before the Court is whether Plaintiff's specific damage estimates, when combined with Plaintiff's other requests for relief, provided sufficient notice that this action was removable on December 7, 2011.

Plaintiff's petition alleged that Defendant owed her a sum certain for structural damage and personal property damage that resulted from the leaking hot water heater. In addition, Plaintiff alleges that she is entitled to penalties pursuant to La. Rev. Stat. §§ 22:1892 and 22:1973, and attorney's fees pursuant to La. Rev. Stat. § 22:1892, due to Defendant's bad faith in failing to timely adjust her claim.[8] Claims for attorney's fees and

---

[8] The Court recognizes that Plaintiff cannot recover penalties pursuant to both La. Rev. Stat. §§ 22:1892 and 22:1973 for the same conduct. *Calogero v. Safeway Ins. Co.*, 753 So.2d 170, 174 (La. 2000). Rather, a plaintiff recovers the higher penalty. *Id.* ("[W]here La. R.S. [22:1973] provides the greater penalty, La. R.S. [22:1973] supersedes La. R.S. [22:1892] such that [the plaintiff] cannot recover penalties under both statutes."). La. Rev. Stat. § 22:1973 does not provide for recovery of attorney's fees, thus an

6

penalties that may be awarded pursuant to state statutes are considered in determining whether the amount in controversy requirement has been satisfied. *See Manguno*, 276 F.3d at 723 ("If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy."). La. Rev. Stat. § 22:1892, in pertinent part, provides that if an insurer's failure to pay after receiving an insured's proof of loss is found to be arbitrary, capricious, or without probable cause, the insurer shall be subject to a "penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater." La. Rev. Stat. § 22:1892B.(1). Similarly, La. Rev. Stat. § 22:1973, in pertinent part, provides for penalties in the amount of "two times the damages sustained or five thousand dollars, whichever is greater." La. Rev. Stat. § 22:1973C.

Taking into account the penalties and attorney's fees Plaintiff seeks under Louisiana law, it was facially apparent, at the time Plaintiff filed her petition on November 29, 2011, that the jurisdictional amount in controversy requirement was satisfied. Defendant tendered payment to Plaintiff on December 6, 2011, in the amount of $18,203.62, one day before being served with a copy of Plaintiff's petition. Even after deducting this payment from Plaintiff's claim for damages, it was facially apparent that the matter was removable on the date Defendant was served. Plaintiff's damages ($45,681.99), less the amount of Defendant's $18,203.62 payment, equals $27,428.37.[9] When the maximum penalty that

---

insured may recover greater penalties pursuant to § 22:1973 and attorney's fees pursuant to § 22:1892. *Id.*

[9] Defendant argues that the $18,203.62 payment it tendered to Plaintiff on December 7, 2011, reduced the "facially apparent amount in controversy." R. Doc. 8 at p. 6. Because the Court is tasked with determining whether this matter was removable on the date Defendant was served, which was the day after Defendant tendered its $18,203.62 payment to Plaintiff, the Court has taken this payment into consideration.

could be awarded pursuant to La. Rev. Stat. § 22:1973 is added ($54,856.74, as it is greater than $5,000), the amount in controversy clearly exceeds $75,000. *See Richardson v. State Farm Fire and Cas.*, 2008 WL 5189963, at *3 and n.5 (M.D. La. Dec. 9, 2008).

Furthermore, the Louisiana Code of Civil Procedure specifically instructs that a plaintiff must not set forth a "specific monetary amount of damages" in her petition unless "a specific amount of damages is necessary to establish . . . the lack of jurisdiction of federal courts due to insufficiency of damages." La. Code Civ. Proc. art. 893A.(1). Plaintiff omitted any statement from her petition that the amount of damages she seeks is less than $75,000 exclusive of costs and interests. This also should have alerted Defendant to the fact that the matter was removable.[10]

Finally, the Court is mindful that "because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns." *Carpenter v. Wichita Falls Indep. School Dist.*, 44 F.3d 362 (5th Cir. 1995) (citation omitted). Considering the significant concerns of comity and federalism implicated in Defendant's removal of this matter, the fact that removal statutes are strictly construed, *Acuna*, 200 F.3d at 339, and the fact that the Court has found it was facially apparent from Plaintiff's petition the amount in controversy requirement was satisfied, Defendant was

---

[10] Indeed, other U.S. District Courts in Louisiana have treated a plaintiff's failure to comply with La. Code Civ. Proc. art. 893A.(1) as a concession that the amount in controversy requirement is met, thereby "creat[ing] a 'strong presumption' in favor of [federal] jurisdiction." *Sonnier v. Republic Fire & Cas. Ins. Co.*, 2006 WL 3924238, at *1 (W.D. La. Nov. 22, 2006) ("In Louisiana state court cases, plaintiffs are generally prohibited from alleging a monetary amount of damages in the petition. La. Code Civ. P. Art. 893 (as amended by Acts 2004, No. 334). However, if the claim seeks less than the requisite amount for the exercise of federal jurisdiction, plaintiffs are now required to so allege in the petition. *Id.* Here, the petition contains no such limitation. Thus, plaintiff has, in effect, conceded in his state court pleadings that the requisite jurisdictional amount is in controversy. This creates a 'strong presumption' in favor of jurisdiction.") (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 58 S.Ct. 586, 591 (1938)); *Richardson*, 2008 WL 5189963, at *4 (same).

required to remove this matter within thirty days of December 7, 2011. 28 U.S.C. § 1446(b). Because Defendant did not file its notice of removal until June 13, 2012, Defendant's removal of this matter was untimely. The Court is required to remand an untimely removed case to state court. *Addo*, 230 F.3d at 760.

## II. Attorney's Fees and Costs

Plaintiff maintains that Defendant "should be cast in judgment to Plaintiff for attorney's fees and all costs and expenses associated with this removal due to the obvious untimeliness of the removal."[11] Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The U.S. Supreme Court has held that "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136, 126 S.Ct. 704 (2005). "In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id.* at 141. Plaintiff has provided no argument demonstrating why "unusual circumstances" exist in this case such that she is entitled to attorney's fees and costs.

This Court must "evaluate the objective merits of removal at the time of removal irrespective of the fact that it might ultimately be determined that removal was improper." *Mississippi Louisiana Dirt Co., L.L.C. v. B & S Equipment Co., Inc.*, 2010 WL 1729423, at *5 (E.D. La. Apr. 23, 2010) (Africk, J.) (citing 28 U.S.C. § 1447(c)). It is within this Court's discretion whether to award attorney's fees and costs. While the Court has concluded that Defendant should have removed this matter within thirty days of December 7, 2011, the

---

[11] R. Doc. 6-1 at p. 1.

Court finds it was objectively reasonable for Defendant to file its notice of removal after receiving Plaintiff's first discovery responses clarifying the total value of this case. Furthermore, Plaintiff provides no argument regarding why the "unusual circumstances" of this case justify an award of attorney's fees and costs. As a result, the Court declines to exercise its discretion to award attorney's fees and costs to Plaintiff.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Remand be and hereby is **GRANTED** and that the above-captioned matter is **REMANDED** to the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana.

**IT IS FURTHER ORDERED** that Plaintiff's request for attorney's fees and costs be and hereby is **DENIED**.

**New Orleans, Louisiana, this** 18th **day of December, 2012.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**